IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ANGELA S.,

    Plaintiff,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,[1]

    Defendant.

Civil Action No.
3:20-cv-0922 (DEP)

---

<u>APPEARANCES</u>:

<u>FOR PLAINTIFF</u>

LACHMAN GORTON LAW FIRM
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

<u>FOR DEFENDANT</u>

SOCIAL SECURITY ADMIN.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

<u>OF COUNSEL</u>:

PETER A. GORTON, ESQ.

RAMI VANEGAS, ESQ.

---

[1] Plaintiff's complaint named Andrew M. Saul, in his official capacity as the Commissioner of Social Security, as the defendant. On July 12, 2021, Kilolo Kijakazi took office as the Acting Social Security Commissioner. She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on November 16, 2021, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:   November 19, 2021
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANGELA S.,

                                        Plaintiff,

-v-                                     20-CV-922

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
November 16, 2021
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    LACHMAN & GORTON LAW OFFICE
    P.O. Box 89
    1500 East Main Street
    Endicott, New York 13761
    BY:  **PETER A. GORTON, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    15 New Sudburty Street
    Boston, Massachusetts 02203
    BY:  **RAMI VANEGAS, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1               (The Court and all parties present by telephone.
2  Time noted:  11:17 a.m.)
3               THE COURT:  Let me begin by thanking you both for
4  excellent presentations, both in writing and verbally.  You've
5  given me a great deal to think about.  I have to say that I
6  found this to be an extremely close case written by an
7  Administrative Law Judge who I have a great deal of respect for.
8               I have before me a decision from the Commissioner of
9  Social Security finding that plaintiff was not disabled at the
10 relevant times.  Plaintiff challenges that determination under
11 42, United States Code, Sections 405(g) and 1383(c)(3).  The
12 background is as follows:  Plaintiff was born September of 1981
13 and is currently 40 years of age.  She was 33 years old at the
14 alleged onset of her disability which she identifies as
15 April 20, 2013.  Plaintiff stands 5'6" in height and weighs
16 approximately 240 pounds.  Plaintiff lives in a two-story house
17 in Binghamton, New York where there's a washer and dryer in her
18 basement.  She lives with her son who is nonverbal and, by my
19 calculations, is currently approximately 19 years old, a
20 daughter who is approximately 15 years of age, and twin
21 daughters, 13 years of age.
22              Plaintiff has a high school diploma and a Bachelor's
23 degree in Liberal Arts.  She also underwent one semester of
24 Master's education.  While in school, plaintiff was in regular
25 classes.  She's right-handed.  Plaintiff has a driver's license,

1  but testified that she rarely drives.
2       The evidence in the record is somewhat equivocal as
3  to when she stopped working.  At 319, the indication is November
4  of 2017.  Elsewhere, it's identified as April 20, 2013.  While
5  working, she was employed by Catholic Charities assisting four
6  autistic clients.  It was a full-time position.  She also has
7  worked as a counsellor, a corrections officer, a loss prevention
8  employee, a shelf stocker, and a marketing manager.  There are
9  significant gaps in her employment history.
10      Physically, plaintiff suffers from vertigo, dizziness
11 of an unknown etiology.  She testified that she experiences five
12 to six dizzy spells per day that can last between 20 minutes and
13 four hours.  She has an unspecified disorder of the vestibular
14 function bilaterally, diabetes, obesity, and leukocytosis,
15 which, as I understand it, is a condition in which the white
16 blood cell count is above the normal range in the blood.  The
17 plaintiff has tried vestibular therapy, although she claims that
18 it has made her dizzy.  She does not report any mental
19 conditions.
20      Plaintiff's primary physician is Dr. Andrea Hsue who
21 she treated with from 2016 to 2018, and Dr. Khaula Rehman who
22 she began seeing in December 2018.  She also has seen
23 neurologist, Dr. Aamir Rasheed, and others, including a
24 rheumatologist.  Plaintiff has been prescribed over time
25 Metformin, Amitriptyline -- although she could not tolerate

1  it -- Topamax, and she also takes Meclizine, which I understand
2  is a form of Bonine or the generic for Bonine.
3           Plaintiff can cook, clean, do laundry, shop, care for
4  her children, shower, dress.  She listens to the radio, watches
5  television, she reads, she runs, she plays softball.
6           Procedurally, plaintiff applied for Title II and
7  Title XVI benefits on July 25, 2017, alleging an onset date of
8  April 20, 2013.  She claimed disability based upon her
9  leukocytosis, chronic fatigue and malaise, severe vertigo and
10 dizziness, an autoimmune disorder, a disorder of the vestibular
11 function bilaterally, and diabetes.  On July 24, 2019,
12 Administrative Law Judge Robyn Hoffman conducted a hearing to
13 address plaintiff's applications.  ALJ Hoffman issued an adverse
14 determination on September 13, 2019.  That became a final
15 determination of the Commissioner on June 16, 2020, when the
16 Social Security Administration Appeals Council denied
17 plaintiff's request for a review.  This action was commenced on
18 August 13, 2020, and is timely.
19          In her decision, ALJ Hoffman applied the familiar
20 five step sequential test for determining disability.  She first
21 noted that plaintiff's last date of insured status was June 30,
22 2017, which actually predated the date of her applications on
23 July 25, 2017.  She found at step one that plaintiff had not
24 engaged in substantial gainful activity since April 20, 2013.
25          At step two, ALJ Hoffman concluded that plaintiff

1  does suffer from severe impairments that impose more than
2  minimal limitations on her ability to perform basic work
3  functions, including an unspecified disorder of the vestibular
4  function bilaterally.
5         At step three, ALJ Hoffman concluded that plaintiff's
6  condition did not meet or medically equal any of the listed
7  presumptively disabling conditions set forth in the
8  Commissioner's regulations, specifically considering listings
9  2.07, 7.18, and 14.07.  ALJ Hoffman then concluded based upon
10 the entirety of the record that plaintiff was capable of
11 performing a full range of light work as defined in the
12 regulations with avoiding working at unprotected heights,
13 climbing ladders, ropes, or scaffolds, and working in close
14 proximity to dangerous machinery or moving mechanical parts of
15 equipment.
16        At step four, based upon that RFC determination, ALJ
17 Hoffman concluded that there was insufficient evidence in the
18 record regarding plaintiff's past relevant work and therefore
19 proceeded to step five where, of course, the burden of proof
20 shifts to the Commissioner.
21        At step five, ALJ Hoffman concluded that if plaintiff
22 were capable of performing a full range of light work, a finding
23 of no disability would be compelled under Medical-Vocational
24 Guideline Rule 202.21.  She found that the additional
25 limitations set forth in the RFC would not significantly effect

1   plaintiff's ability to perform unskilled light work and that

2   S.S.R. 85-15 therefore directed a finding of no disability and

3   that testimony of a vocational expert was not necessary.

4              As you know, the Court's function in this case is

5   limited to determining whether correct legal principles were

6   applied and the supporting -- and the resulting determination is

7   supported by substantial evidence, defined as such relevant

8   evidence as a reasonable mind would find sufficient to support a

9   conclusion.

10             In this case, plaintiff raises three basic

11  contentions which lead to the fourth, which is that the step

12  five determination is not supported and that a vocational

13  expert's testimony was required.  She first argues that the

14  residual functional capacity did not account for her dizziness

15  and the result of being off task or absent based upon the

16  dizziness or vertigo.  Second, she challenges the rejection of

17  the opinion of Dr. Rehman concerning plaintiff being off task or

18  absent and argues that there is no competing medical opinion and

19  therefore the resulting rationale must meet the overwhelmingly

20  compelling standard that seems to be applied in the Second

21  Circuit.  And the third argument is that the ALJ improperly

22  relied on plaintiff's activities of daily living which did not

23  take into account that they could be performed while she was not

24  experiencing an episode, but perhaps not performed when she was

25  experiencing an episode of vertigo or dizziness.

1  The first order of business, of course, for an
2  Administrative Law Judge is to determine plaintiff's residual
3  functional capacity, which represents the range of tasks that
4  the plaintiff's capable of performing notwithstanding her
5  impairments. Ordinarily, an RFC represents a claimant's maximum
6  ability to perform sustained work activities in an ordinary
7  setting on a regular and continuing basis, meaning eight hours a
8  day for five days a week or an equivalent schedule, *Tankisi v.*
9  *Commissioner of Social Security*, 521 F. App'x 29 at 33, Second
10 Circuit 2013. The resulting RFC must be supported by
11 substantial evidence, of course.
12          Addressing first the off task and absences. There
13 are several cases that plaintiff has cited, and many others that
14 follow this line of cases, that talk about an episodic
15 impairment such as multiple sclerosis, dizziness and vertigo,
16 and require an evaluation of the frequency and duration of such
17 impairments and their interruption of the ability to perform
18 work functions. *Wilcox v. Sullivan*, 917 F.2d 272 from the Sixth
19 Circuit, 1990, is one example. Closer to home is *Peck v.*
20 *Colvin*, from the Western District of New York, October 7, 2013.
21 The Westlaw cite is 2013 WL 5533571. And there are others,
22 including those, that have been cited by plaintiff's counsel.
23          Plaintiff testified, again to reiterate, that she
24 experiences five to six episodes per day that can last
25 20 minutes to four hours and that she is only dizzy free four to

1  five days per month.  The Administrative Law Judge seems to have
2  impliedly rejected the dizziness claims and their effect on her
3  ability to perform work-related functions, including based on
4  activities of daily living and the report of Dr. Abueg who
5  issued an opinion on October 24, 2017, after reviewing
6  plaintiff's medical records, but not examining the plaintiff, in
7  that he concluded at page 63 there's insufficient evidence in
8  the file to find claimant disabled prior to the date of last
9  insured.
10           The opinion of Dr. Jenouri is also relied on.  And
11 based on a one-time examination, Dr. Jenouri found on
12 September 29, 2017, that plaintiff has no restrictions based
13 upon the findings of today's evaluation.  That's at page 511.
14 Obviously with an episodic condition, her doctors have been
15 unable to identify the origin or the etiology of plaintiff's
16 dizziness, but certainly her reports have been consistent over
17 time that she does experience debilitating dizziness, in one
18 instance requiring her to present herself to an emergency room.
19           I would expect that the Administrative Law Judge
20 would have a more fulsome discussion of such a potentially
21 debilitating and disabling condition, and that she would make an
22 assessment of the frequency and the severity and the duration of
23 the dizziness episodes and their effect, if any, on the ability
24 to perform work functions on a continuing basis and,
25 consequently, the impact on both absenteeism and being off task.

1  I don't find it, other than if you read between the lines, but
2  it deprives the Court of meaningful judicial review not to know
3  the thinking of the Administrative Law Judge when she apparently
4  rejects that plaintiff would be absent or off task to an extent
5  that would preclude her from performing light work available in
6  the national economy.
7           Again, I find this to be a close case, and I do
8  respect Judge Hoffman, but I think this should be remanded for
9  proper consideration and evaluation of plaintiff's dizziness and
10 vertigo and the impact on her ability to perform work on a
11 full-time basis, so I will grant judgment on the pleadings to
12 plaintiff.  I do not find persuasive evidence of disability, and
13 so I will order that the matter be remanded for further
14 consideration.
15          Thank you both for excellent presentations.  I hope
16 you have a good afternoon and a happy Thanksgiving.
17          MR. GORTON:  Thank you, your Honor.
18          MS. VANEGAS:  Thank you, your Honor.  You, as well.
19          (Time noted:  11:33 a.m.)

10

```
 1
 2
 3
 4                 CERTIFICATE OF OFFICIAL REPORTER
 5
 6
 7            I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 8   NYRCR, Official U.S. Court Reporter, in and for the United
 9   States District Court for the Northern District of New York, DO
10   HEREBY CERTIFY that pursuant to Section 753, Title 28, United
11   States Code, that the foregoing is a true and correct transcript
12   of the stenographically reported proceedings held in the
13   above-entitled matter and that the transcript page format is in
14   conformance with the regulations of the Judicial Conference of
15   the United States.
16
17            Dated this 19th day of November, 2021.
18
19            s/ Hannah F. Cavanaugh_____
20            HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
21            Official U.S. Court Reporter
22
23
24
25
```